UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DRITAN DUKA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:25-cv-00224-JPH-MG |
| | ) |
| T. RULE, | ) |
| WILLIAM MARSHALL, | ) |
| | ) |
| Respondents. | ) |

**ORDER SCREENING COMPLAINT, DISMISSING DEFENDANT RULE, AND TRANSFERRING VENUE AS TO REMAINING CLAIMS**

Plaintiff Dritan Duka is serving a sentence in the Bureau of Prisons ("BOP") and has been assigned to a BOP Communications Management Unit ("CMU"). Previously, Mr. Duka was incarcerated at FCI - Terre Haute. However, after this lawsuit was filed by counsel, the BOP closed the CMU at FCI – Terre Haute (and another at FCI – Marion in Illinois), and a new, single CMU was established at FCI – Cumberland in Maryland. Mr. Duka was transferred to FCI – Cumberland. After the transfer, the Court directed the parties to show cause why this case should not be transferred to the District of Maryland pursuant to 28 U.S.C. § 1404. Dkt. 12. The parties have responded. After considering those responses, the Court now issues this Order screening Mr. Duka's complaint under 28 U.S.C. § 1915A, directing dismissal of former FCI – Terre Haute Warden T. Rule[1] as a defendant, and transferring venue of this cause to the District for the District of Columbia.

---

[1] J. Wadas is the current Warden of FCI – Terre Haute. Dkt. 9 at 1 n. 1.

1

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The screening requirement of § 1915A applies to "all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

### II. The Complaint

The named defendants in this action are (1) former Warden Rule, and (2) BOP Director William Marshall, both in their official capacity.

The complaint alleges that Mr. Duka's attorney, who resides in New York, is the Legal Director of the Coalition for Civil Freedoms. She has represented several CMU inmates. Until 2024, she had no difficulty setting up calls with her

2

clients, regardless of whether she was representing them in a pending court case. But in June 2024, when she attempted to contact Mr. Duka for purposes of preparing a compassionate release motion, she was told by a FCI – Terre Haute case manager that a call to Mr. Duka would not be approved because there was no "imminent, urgent matter" in a pending case. Dkt. 1 ¶ 9. Counsel for FCI – Terre Haute cited 28 C.F.R. § 540.204 as the basis for this restriction. This restriction on legal calls has impeded counsel's ability to represent Mr. Duka and other clients in a CMU. Counsel does not have the same problem contacting clients who are not in a CMU.

Mr. Duka administratively challenged this restriction on calls with counsel. After his regional appeal was denied, he filed an appeal with BOP Central Office. On January 13, 2025, the BOP National Administrator for Inmate Appeals denied the appeal, indicating that phone calls from an attorney to his or her clients in a CMU could be restricted as FCI – Terre Haute had done under "Program Statement 5264.08." *Id.* ¶ 13.

28 C.F.R. § 540.204(b), which governs CMU inmates, states:

> Unmonitored telephone communication is limited to privileged communication with the inmate's attorney. Unmonitored privileged telephone communication with the inmate's attorney is permitted as necessary in furtherance of active litigation, after establishing that communication with the verified attorney by confidential correspondence or visiting, or monitored telephone use, is not adequate due to an urgent or impending deadline.

3

Counsel for Mr. Duka contends that in-person visits are impractical, given her distance from Mr. Duka, nor is mail communication an adequate substitute for speaking with a client for purposes of preparing a yet-to-be-filed case.

Counsel asserts that prohibiting calls between an attorney and a client in a CMU if there is no "active" case or "urgent or impending deadline" in a case violates Mr. Duka's rights under the First and Fourteenth Amendments. She frames the claim as a challenge to the above regulation "as written and as applied . . . ." Dkt. 1, ¶ 1. The complaint seeks prospective injunctive relief in the form of allowing Mr. Duka and counsel at least one unmonitored phone call per month, regardless of whether there is a pending case or imminent deadline. It also seeks attorney fees and costs under 28 U.S.C. § 2412 and "any other and further relief which the Court deems just and proper." *Id.* at 11.

### III. Discussion of Claims

First, "[i]n an action seeking injunctive relief, . . . . once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot." *Loertscher v. Anderson,* 893 F.3d 386, 392–93 (7th Cir. 2018) (cleaned up). Specifically, "[i]f a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (cleaned up).

In response to this Court's show cause order regarding venue, counsel for Mr. Duka did not dispute that the only CMU that BOP currently operates is at FCI – Cumberland. She does, however, assert that (1) there is the possibility that

4

Mr. Duka could be re-transferred to FCI – Terre Haute (or FCI – Marion); and (2) Mr. Duka's claims regarding 28 C.F.R. § 540.204 generally are not moot. As for the first assertion, counsel for Defendants have represented to the Court that FCI – Cumberland is now the only BOP prison with a CMU. Dkt. 14 at 4. Moreover, there is nothing to suggest that Mr. Duka's return to FCI – Terre Haute is "certain" or even "likely," beyond mere speculation. And if he was to be returned there, he would not be in a CMU.

As for the second assertion, the Court agrees that Mr. Duka's facial challenge to 28 C.F.R. § 540.204 and how the BOP implements it is not moot. *See United States v. Black*, 999 F.3d 1071, 1073–74 (7th Cir. 2021). But, the Warden of FCI – Terre Haute is not in any position to grant any prospective injunctive relief to Mr. Duka.[2] When pursuing injunctive relief against a government official in their official capacity, the proper defendant is an official who would be directly responsible for ensuring that any injunctive relief is carried out. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The FCI – Terre Haute Warden is not that official. Therefore, the Court concludes that all claims against the FCI – Terre Haute Warden, are moot and **dismissed without prejudice**. The **clerk is directed to terminate** T. Rule as a defendant on the docket.

Next, Mr. Duka relies upon the Fourteenth Amendment in count two of his complaint. However, that Amendment applies only to the States, not the federal

---

[2] Mr. Duka is not attempting to seek damages against the Warden under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

5

government. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n.21 (1987). Although the Fifth Amendment, which does apply to the federal government, is similarly worded, the Supreme Court has recently made clear that the Fifth Amendment does not necessarily provide legal protections identical to the Fourteenth Amendment. *See Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 16 (2025) (declining to apply Fourteenth Amendment "minimum contacts" due process standard to claims arising under the Fifth Amendment because state and federal governments "occupy categorically different sovereign spheres"). The complaint does not state a viable claim under the Fourteenth Amendment.

Mr. Duka may have stated a viable claim under the First Amendment for injunctive relief, *see Denius v. Dunlap*, 209 F.3d 944, 954 (7th Cir. 2000) (recognizing First Amendment "right of an individual . . . to consult with an attorney on any legal matter"), but even if he has, that claim will not proceed in this district.

### IV. Change of Venue

When an officer or employee of the United States is sued in their official capacity, venue may lie:

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

6

28 U.S.C.A. § 1391(e)(1). Another statute, 28 U.S.C. § 1404, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." A court has the authority to *sua sponte* transfer a case under § 1404. *In re Ryze Claims Solutions*, LLC, 968 F.3d 701, 706 n.5 (7th Cir. 2020). "Transfer is appropriate under § 1404(a) where the moving party establishes that (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State Farm Mut. Auto. Ins. Co. v. Est. of Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996).

In its order to show cause regarding venue, the Court in part suggested that this case would now be better situated in the District of Maryland, where FCI – Cumberland is located. However, Defendants point out that the District of Maryland would not have had venue in this case at the time it was filed, because Mr. Duka was still at FCI – Terre Haute.

Defendants do assert, however, that this case can and should be transferred to the District for the District of Columbia. This action could have been filed there under § 1391(e)(1), because that is where BOP Director Marshall resides. There is no doubt that District would have federal question jurisdiction under 28 U.S.C. § 1331. And, given that the Court has determined that all claims against the FCI – Terre Haute Warden should be dismissed, Mr. Marshall is the sole remaining defendant. This case is attacking both the facial validity of 28 C.F.R. § 504.204 as adopted by the BOP, and how it has been interpreted and

7

applied by the BOP in its "Program Statement[s]," as reflected in the January 13, 2025, resolution of Mr. Duka's administrative appeal. Thus, the relevant actions and decisionmakers in this case were or are located in the District of Columbia. That District, of course, has particularized expertise in the law governing federal administrative rules and regulations.

This Court is aware that the District for the District of Columbia is wary of plaintiffs "manufactur[ing] venue in the District of Columbia by naming high government officials as defendants." *Ortiz-Contreras v. Holder*, 126 F. Supp. 3d 127, 131 (D.D.C. 2015) (cleaned up). Here, Mr. Duka is not attempting to "manufacture" venue in the District of Columbia. Rather, this is a situation in which the Court concludes, in its discretion, that it will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice for this case to be transferred to the District for the District of Columbia.

### V. Conclusion

All claims against Defendant T. Rule are **dismissed without prejudice**. The **clerk is directed to terminate** T. Rule as a defendant on the docket. Furthermore, this action is now **TRANSFERRED** to the United States District Court for the District of Columbia to address the remaining claims against BOP Director Marshall.

**SO ORDERED.**

Date: 9/9/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

8

Distribution:

All ECF-registered counsel of record via email